THE FLORIDA CENTRAL AND WESTERN RAILROAD COMPANY, APPELLANT, vs. WILLIAM M. BOSTWICK AND OZIAS BUDDINGTON, SURVIVING EXECUTORS, ETC., OF I. D. HART, DECEASED, APPELLEES.

The points decided in this case are the same as those determined in the case of Jones and McBride, trustees, vs. Buddington, Executor, etc., *et al.* decided at this term, and for the reasons given in that case, the court should not have excluded the books therein referred to from the record of the case.

Appeal from the Circuit Court for Alachua county.

### STATEMENT.

The appellant company filed a bill in chancery in the Circuit Court for Duval county against appellees to enjoin the prosecution of an ejectment suit instituted by Bostwick against the company to recover possession of certain described lots of land situated in the city of Jacksonville, and also for the establishment of a legal title to said lots in the company.

The bill as amended alleges that William M. Bostwick, a defendant therein, instituted a suit of ejectment against the Florida Central & Western Railroad Company to recover possession of certain lots of land described, and that since the commencement of the suit said company had been consolidated with the Jacksonville, Pensacola & Mobile Railroad Company, as the Florida Central & Western Railroad Com-

144          SUPREME COURT.

F. C. & W. R. R. Co. v. Bostwick et al., Exs.—Statement of Case.

pany, and had all the rights, privileges, franchises, depots and property which pertained and belonged to the said Florida Central Railroad Company, and also had succeeded to and was vested with all the rights, privileges, depots and property of the Florida, Atlantic & Gulf Central Railroad Company, a corporation chartered by special act of the Legislature approved January 24th, 1851. That I. D. Hart, formerly a resident of the city of Jacksonville, being seized and possessed of a large landed estate in and near the city of Jacksonville, and being desirous of taking stock in said railroad and in the construction of a railroad from Jacksonville westward, on account of the increased value which would result to his said lands, agreed in writing, on or about the 5th day of May, 1857, as appears from the minutes of a meeting of the directors of the Florida, Atlantic & Gulf Central Railroad Company, recorded as of that date in a book kept by said company for that purpose, to sell and convey to the Florida, Atlantic & Gulf Central Railroad Company, for the use of said road for its depots, workshops, wharves, etc., certain lots of land in and adjacent to the city of Jacksonville for ten thousand eight hundred dollars of stock in said company, and upon information and belief, derived from the minutes of the directors contained in the said record book, it is alleged that stock to the value of ten thousand eight hundred dollars in said company was issued and delivered to the said Hart. That said lots were thereupon transferred and possession thereof delivered to said company by Hart, and that at the time he sold said lots to the company and received said stock in payment thereof, he was a director in said company, and, as appears from the minute book aforesaid, was present and sitting as one of the directors when the proposition

was submitted in his behalf to sell said lots to the company for the said stock, and was accepted by the unanimous vote of the board. That complainant was not informed whether there was a deed of conveyance in due and legal form executed and delivered by the said Hart, to the company, for the said lots, but if such deed was made it is not of record, and after diligent inquiry and search complainant has not been able to discover it. That among the lots so bargained and sold by Hart to the company are the lots which are sought to be recovered by Bostwick in his ejectment suit against the Florida Central Railroad Company. That I. D. Hart died in the year 1861, leaving a will which was duly probated, and Ozias Buddington is the surviving executor of the will. That Bostwick, as appears of record, derives his claim of title to said lots from a deed made to him by one Hemming, as commissioner, made under an order of sale by the county judge of Duval county on the petition of said surviving executor. That at the time the petition was filed, and when the sale was made, said lots were in the actual adverse possession of the Florida Central Railroad Company, being used by said company for its wharves, warehouses and depots, and said lots from the time they were sold to the Florida, Atlantic & Gulf Central Railroad Company to the time of filing this bill have been so claimed, held and occupied by said company and its successors, the Florida Central Railroad Company, and complainant. That Bostwick purchased said lots at said commissioner's sale, with full notice and knowledge of all the matters and things above alleged. Actual public notice at the time of said commissioner's sale is alleged to have been given in the presence and hearing of Bostwick, and that he then knew com-

146 SUPREME COURT.

F. C. & W. R. R. Co. v. Bostwick et al., Exs.—Statement of Case.

plainant was in possession of said lots under a claim of title derived through the Florida, Atlantic & Gulf Central Railroad Company. Further, that the application of Buddington to the county court to sell said land, and the procuring the order of sale for that purpose, and the purchase of the same by Bostwick were a fraud upon the Florida Central Railroad Company and those claiming under and through said company, and should be so considered and treated by the court. That it is material and necessary to the purpose and complete defense of said action of ejectment that a discovery be had from the defendant Buddington as to whether a deed of conveyance was made by his testator in his life-time of said lots to the Florida, Atlantic & Gulf Central Railroad Company, and as to whether there is any and what evidence among the papers and books of said estate going to establish the execution and delivery of said deed, or if such deed was not made, or no evidence to that effect appears, that such order and decree be made by the court as will perfect and vest in complainant the full and complete legal title to said lots as against the defendant Bostwick.

The bill prays discovery from the executor Buddington of the evidence of the sale from Hart to the railroad company, an injunction against the ejectment suit instituted by Bostwick, and in the event a deed from Hart to the company, or evidence showing that it was executed, be not produced, then that Bostwick be decreed to hold the legal title in trust for complainant and required to convey the same, or that the said commissioner's sale be held to be void, and in that event Buddington as executor of Hart be required to convey the legal title to complainant.

Answers were filed by Bostwick and Buddington, and it is admitted that the former had commenced the

·ejectment suit alleged; that I. D. Hart was dead and Buddington was his surviving executor under his will; ·that Bostwick claimed title to the lots as alleged, and that they were when sold by the commissioner in the .actual occupancy and possession of the Florida Central Railroad Company, but denied that the company held them adversely. It is further admitted that I. D. Hart, ·deceased, was a director in the Florida, Atlantic & Gulf Central Railroad Company when it is alleged that he sold the lots in question to said company. All other ·material allegations of the bill are denied, and it is especially denied that any agreement in writing for ·the purchase of said lots, or any memorandum or note ·thereof in writing was ever made or signed by Hart, or by any authorized person for him, and the benefit of the statute of frauds is set up as if specially pleaded.

After replications filed the case was transferred to Alachua county, in the Fifth Judicial Circuit, on the alleged disqualification of the Judge of the Fourth ·Circuit, and on final hearing the bill was dismissed.

The other facts are stated in the opinion of the court.

*John A. Henderson, Fleming & Daniel, C. P. & J. C. Cooper,* for Appellant.

*A. W. Cockrell & Son,* for Appellees.

MABRY, C. J. (*after stating the facts*):

No testimony was taken in this case, but the facts .and testimony relied upon were agreed on by counsel for the respective parties. It was stipulated by counsel that the agreement made and testimony taken in

the chancery suit of Fleming and Hunter, Trustees, vs. The Florida Central Railroad Company *et al.*, then pending in the court, should be taken and considered as testimony in this suit, and it was also agreed that the testimony was, at the time of making the agreement, all in and the case was ready for hearing. The agreements made and the testimony taken in the case of Fleming and Hunter, Trustees, vs. The Florida Central Railroad Company *et al.*, are found in the record before us, and it is also shown that a motion was made in this case similar to the one in the other case mentioned, to admit in evidence the books referred to as exhibits to the testimony of Thomas H. Maxey, George R. Foster and F. P. Fleming. (*Vide* Jones and McBride, Trustees, vs. Buddington, Executor, etc., *et al.*, decided at this term). The record is the same in the case now being considered as the one referred to, and the decision in that case is decisive of this one. For the reasons given in Jones and McBride vs. Buddington, Executor, etc., *et al.*, the court should have allowed the books to be considered as a part of the evidence, and should not have excluded them from the record of the case.

The decree appealed from is reversed with directions that the books mentioned be admitted in evidence and considered by the court in connection with the other evidence in the disposition of the case. Order to be entered accordingly.